# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2050

_____

United States of America,           *
                                      *
           Appellee,      *
                                      *    Appeal from the United States
       v.                      *    District Court for the Western
                                       *    District of Missouri.
Melvin R. Johnson, also known   *
as Melvyn R. Johnson,        *    [UNPUBLISHED]
                                         *
           Appellant.     *

_____

Submitted: April 18, 2008
Filed: May 21, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Melvin R. Johnson appeals the 120-month prison sentence the district court[1] imposed after he pleaded guilty to possessing with intent to distribute 50 grams or more of cocaine base and distributing a cocaine-base mixture, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and (C). Johnson's counsel has requested leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967),

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

arguing that the district court erred in determining Johnson was ineligible for safety-valve relief and in sentencing Johnson to the mandatory minimum.

We conclude that the district court did not clearly err in denying Johnson safety-valve relief under 18 U.S.C. § 3553(f)(2) and USSG § 5C1.2(a)(2). See United States v. Warford, 439 F.3d 836, 844 (8th Cir. 2006) (standard of review). The court found that Johnson failed to show that he did not use violence or credible threats of violence in connection with the offense, because Johnson "resisted arrest to the point that he had to be tasered and was told to stop and continued to resist, even after being told to stop." (S. Tr. 25). This record is sufficient to support the court's determination. Consequently, we conclude that Johnson's sentence, the statutory minimum, is not unreasonable. See United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm. We grant counsel leave to withdraw, subject to the condition that counsel promptly comply with the requirements of Part V of this Court's Plan to Implement the Criminal Justice Act by advising Johnson of the procedures for filing a petition for writ of certiorari pro se.

_____